IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERRELL B. WILLIAMS #305-646 | : | |
| Petitioner | : | |
| v. | : | Civil Action No. L-10-3133 |
| MARVIN H. SMITH, et al. | : | |
| Respondents | : | |

## **MEMORANDUM**

On November 4, 2010, Derrell B. Williams ("Williams"), a state inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his November 10, 2001 state court convictions in the Circuit Court for Caroline County for drug distribution. For the reasons set out herein, the pending application for habeas corpus relief shall be dismissed without prejudice and a certificate of appealability denied.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. See 28 U.S.C. § 2244(b)(3); Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). The pending application is beyond doubt second and successive. On December 10, 2008, Williams filed his first federal habeas corpus application concerning his state court convictions. On April 2, 2009, the Petition was denied as untimely. See Williams v. State of Maryland et al., Civil Action No. L-08-3333 (D. Md.), ECF Nos. 8 and 9.

Before this Court may consider the grounds raised in the pending Petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this Court to

consider Williams' application for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A);[1] see In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Williams has not complied with this "gatekeeper" provision. Therefore, his pending application for habeas corpus relief must be dismissed here pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, the Clerk shall provide Williams a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Williams wish to seek authorization to file a successive petition. It is to be emphasized that Williams must file the motion with the Fourth Circuit and obtain authorization to file a successive petition before this Court may examine his claims.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. See 28 U.S.C. § 2253(c) (1). "A [Certificate of Appealability, or "COA"] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c) (2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36, (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

The Court will not issue a certificate of appealability because Williams has not made the

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

requisite showing. Denial of a certificate of appealability in this Court does not prevent Williams from seeking a certificate of appealability from the appellate court.

The Petition is denied and dismissed. A separate order follows.

November 9, 2010                                        /s/
                                              _____
                                              Benson Everett Legg
                                              United States District Judge